UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
               :

MAGDALENO ALVARADO RODRIGUEZ, *by his*  :
*next friend*, JENNIFER FLORES ALVARADO,   :
               :

           Petitioner,     :     26-CV-2669
    -v-             :
               :     **TEMPORARY**
RAUL MALDONADO, JR., *in their official*   :     **RESTRAINING**
*capacity as Warden of MDC Brooklyn*; WILLIAM  :    **ORDER & ORDER TO**
JOYCE, *in their official capacity as Acting New*  :    **SHOW CAUSE**
*York Field Office Director for U.S. Immigration*  :
*and Customs Enforcement*; MARCOS CHARLES,  :
*in his official capacity as Executive Associate*  :
*Director, Enforcement and Removal Operations*;  :
TODD M. LYONS, *in his official capacity as*  :
*Acting Director Immigration and Customs*  :
*Enforcement*; MARKWAYNE MULLIN, *in his*  :
*official capacity as Secretary, U.S. Department of*  :
*Homeland Security*; ATTORNEY GENERAL, *in*  :
*their official capacity as Attorney General*,   :
               :

          Respondents.    :
               :
-------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

WHEREAS, *pro se* Petitioner is presently detained by Respondents at the

Metropolitan Detention Center, and has been detained by Respondents there and at

other locations since being taken into custody by Respondents on April 27, 2026;

WHEREAS, through the declaration of his Next Friend, Petitioner avers that

he is a citizen of Mexico who has resided in the United States since 2002 in New York;

1

WHEREAS, Petitioner has averred, and Respondents have not disputed, that Petitioner has many family members who are United States citizens; has no history of violent crime; and does not present a risk of flight;

WHEREAS, Petitioner avers, and Respondents do not dispute, that Petitioner has not received a bond hearing or any other kind of individualized custody determination;

WHEREAS, through his Next Friend, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1 (May 5, 2026), supported by accompanying exhibits, alleging that his detention violates his constitutional and statutory rights;

WHEREAS, Petitioner has moved for entry of a Temporary Restraining Order and Preliminary Injunction, ECF No. 2 (May 5, 2026), seeking an order directing Petitioner's immediate release from detention and restraining Respondents from re-detaining Petitioner for the pendency of the Court's adjudication of the underlying Petition;

WHEREAS, the Court finds that Petitioner has established a likelihood of success on the merits that Petitioner's detention without a bond hearing violates his Fifth Amendment right to procedural due process because Petitioner has lived in the United States for more than two decades and is therefore entitled to an

individualized, pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a), *see, e.g.*, *Hyppolite v. Noem*, 25 CV 4303 (NRM), 2025 WL 2829511, at *12–16 (E.D.N.Y. Oct. 6, 2025); *Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 498–99 (S.D.N.Y. Aug. 13, 2025); *Rodriguez v. Bostock*, No. 25 CV 05240 (TMC), 2025 WL 2782499, at *16–26 (W.D. Wash. Sep. 30, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *6–13 (N.D. Cal. Sep. 12, 2025); *Belsai D.S. v. Bondi*, No. 25 CV 3682, 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases). Similarly, the Court finds that Petitioner is likely to succeed on the merits of his claim that the mandatory detention provisions of 8 U.S.C. § 1225(a)(1) and (b)(2) are inapplicable here, because Petitioner has been living continuously in the United States and is not "seeking admission" under Section 1225. *Cunha v. Freden*, --- F.4th ----, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).

WHEREAS, the Court also finds that Petitioner has established that there is a high risk of erroneous deprivation of his liberty interest under the Fifth Amendment if temporary injunctive relief is not granted. *See, e.g., Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (noting that "the most significant liberty interest" recognized under the Constitution is "the interest in being free from

3

imprisonment"). The Court has weighed the factors under *Mathews v. Eldridge*, 424

U.S. 319 (1976), which applies when courts in the Second Circuit are called upon to

determine "the adequacy of process in the context of civil immigration confinement."

*Munoz Materano v. Artera*, No. 25-cv-6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep.

12, 2025). Having considered (1) the private interest that will be affected by the

official action; (2) the risk of erroneous deprivation of that interest through the

procedures used; and (3) the government's interest, including the fiscal and

administrative burdens that the additional or substitute procedures would entail, *see*

*Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily

in favor of Petitioner's immediate release from detention, and that he will be

irreparably harmed if a Temporary Restraining Order is not granted.

It is hereby:

**ORDERED**, that Petitioner's Motion for a Temporary Restraining Order

under Fed. R. Civ. Proc. 65 is **GRANTED**;

**ORDERED**, that Respondents must release Petitioner from custody **no later**

**than 1:00 PM on Thursday, May 7, 2026.** Respondents, through counsel, **shall**

**file a letter on the docket no later than 4:00 PM on Thursday, May 7, 2026,**

confirming that Petitioner has been released from custody, and shall send a courtesy copy of that letter by electronic mail to morrison_chambers@nyed.uscourts.gov.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court, while the terms of this Order otherwise remain in effect;

**ORDERED**, that Respondents **shall show cause in writing no later than Wednesday, May 13, 2026,** as to (1) why the Court should not issue a preliminary injunction enjoining Respondents from re-detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for a writ of habeas corpus should not be granted. In the alternative, Respondents may file a letter on the docket on or before Wednesday, May 13, 2026, indicating that they no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent a pre-deprivation bond hearing that accords with the procedures set forth in 8 U.S.C. § 1226(a), unless they obtain prior leave of this Court to do so.

The foregoing **Temporary Restraining Order** shall expire on **May 20, 2026, at 6:00 PM** unless it is extended by further Order of this Court for good cause shown

or otherwise.  *See* Fed. R. Civ. P. 65(b)(2).

**SO ORDERED.**

Dated:  May 6, 2026                                    */s/ Nina R. Morrison*
            Brooklyn, New York                  Nina R. Morrison
                                                              United States District Judge